IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| JANICE SMITH, Individually, and on behalf of the Estate of GENE SMITH, Deceased, et al., § § § § Plaintiffs, § § VS. § § BUFFALO WILD WINGS, et al., § § Defendants. § | Civil Action No. 3:20-CV-2875-D |

MEMORANDUM OPINION
AND ORDER

In this removed action, the instant motions to amend and remand require the court to decide under the *Hensgens*[1] factors whether plaintiffs should be allowed to amend their state-court petition to add a non-diverse defendant whose joinder would require remanding the case. Concluding that plaintiffs should not be permitted to add the non-diverse defendant, the court denies both motions.

I

This lawsuit arises out of the death of plaintiffs' decedent, Gene Smith ("Gene"), at a Buffalo Wild Wings restaurant on February 6, 2018.[2] In December 2019—before filing the instant lawsuit—plaintiffs filed a Tex. R. Civ. P. 202 petition in Texas state court and

---

[1] *Hensgens v. Deere & Co.*, 833 F.2d 1179 (5th Cir. 1987).

[2] Plaintiffs are Janice Smith (Gene's mother), individually, and on behalf of the Estate of Gene Smith, deceased, and as next friend of J.C. (a minor), J.C. (Gene's minor child), and Deelvin Smith (Gene's adult child).

secured the right to conduct limited pre-filing discovery concerning potential claims arising from Gene's death. Plaintiffs deposed Amber Blue ("Blue"), one of the restaurant managers present at the time of Gene's death, on March 12, 2020.

On June 29, 2020[3] plaintiffs sued defendants Buffalo Wild Wings[4] and Blazin Wings, Inc. (collectively, "Blazin Wings," unless the context otherwise requires)—but not Blue—in Texas state court. They alleged that individuals under the care, control, and supervision of Blazin Wings proximately caused Gene's death by negligently restraining, assaulting, and beating him. Plaintiffs bring claims against Blazin Wings for wrongful death, various negligence-based claims, false imprisonment, and violations of the Texas Deceptive Trade Practices-Consumer Protection Act, Tex. Bus. & Com. Code Ann. §§ 17.41-17.63 (West 2019).

Blazin Wings removed the case to this court on September 16, 2020 based on diversity of citizenship. Plaintiffs are Texas citizens, and Blazin Wings is a citizen of Minnesota and

---

[3]Plaintiffs contend that they filed their state-court petition in April 2020. Blazin Wings, on the other hand, maintains that plaintiffs filed their original petition on June 29, 2020. The copy of the original petition that is attached to Blazin Wings' notice of removal was file-stamped on June 29, 2020. The court will therefore assume that plaintiffs filed this lawsuit on June 29, 2020. The court also notes that this assumption is more favorable to plaintiffs (the unsuccessful parties) in the *Hensgens* analysis because under the third factor courts consider how long after filing the state-court petition the plaintiff waited to move for leave to amend. *Hensgens*, 833 F.2d at 1182.

[4]Plaintiffs assert that "Buffalo Wild Wings" is a trade name used by Blazin Wings, Inc. Blazin Wings contends in its notice of removal that "Buffalo Wild Wings" is an improperly named defendant because it does not exist as a separate entity. Because these arguments are not pertinent to the instant motions, the court does not reach them.

Georgia.[5] On October 16, 2020 plaintiffs filed the instant motion for leave to amend their state-court petition to add Blue as a defendant (Blue is a Texas citizen whose joinder would defeat diversity jurisdiction), and the instant motion to remand if the amendment is allowed. The proposed claims against Blue include negligence, intentional infliction of emotional distress ("IIED"), aiding and abetting IIED, and false imprisonment. Blazin Wings opposes both motions.

II

"When a plaintiff seeks to join a non-diverse defendant after a case is removed based on diversity, 28 U.S.C. § 1447(e) gives the court the discretion to deny joinder or permit it and remand the case to state court." *Alba v. S. Farm Bureau Cas. Ins. Co.*, 2008 WL 4287786, at *1 (N.D. Tex. Sept. 19, 2008) (Fitzwater, C.J.) (citing *Hensgens v. Deere & Co.*, 833 F.2d 1179, 1182 (5th Cir. 1987)).[6] "[T]he diverse defendant has an interest in retaining the federal forum." *Hensgens*, 833 F.2d at 1182. The court must therefore balance the original defendants' interest in maintaining a federal forum with the competing interest in avoiding potentially parallel litigation. *Cannon v. Hartford Ins. Co. of the Midwest*, 1997 WL 760500, at *1 (N.D. Tex. Nov. 19, 1997) (Fitzwater, J.). In determining whether to allow a non-diverse party to be joined after removal, the court considers four factors: (1)

---

[5]Blazin Wings' citizenship is based on the citizenship of Blazin Wings, Inc., a Minnesota corporation whose principal place of business is in Georgia.

[6]28 U.S.C. § 1447(e): "If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court."

- 3 -

whether plaintiffs' purpose is to defeat federal jurisdiction; (2) whether plaintiffs have been dilatory in asking for amendment; (3) whether plaintiffs will be significantly injured if amendment is not allowed; and (4) any other factors bearing on the equities. *Hensgens*, 833 F.2d at 1182.

### III

### A

The court first considers plaintiffs' purpose in seeking to add Blue as a defendant. Courts addressing this factor assess, *inter alia*, "the viability of the claims alleged against a new defendant, the timing of a plaintiff's attempt to add the defendant, and whether the plaintiff knew or should have known the identity of the new defendant prior to removal." *Appliance All., LLC v. Sears Home Appliance Showrooms, LLC*, 2015 WL 9319179, at *5 (N.D. Tex. Dec. 23, 2015) (Lynn, J.) (citing *Andrews Restoration, Inc. v. Nat'l Freight, Inc.*, 2015 WL 4629681, at *2-5 (N.D. Tex. Aug. 4, 2015) (Lynn, J.)).

Plaintiffs contend that "the primary purpose of adding [Blue] is to achieve justice for the Plaintiffs and to hold the agents of the Defendant corporation responsible for their acts, omissions, representations, and misconduct." Ps. Mot. to Am. Compl. ¶ 38. Plaintiffs assert that they did not include Blue in the original state-court petition because the degree of Blue's responsibility did not become clear until after plaintiffs received the Dallas Police Department's investigation report (the "Police Report") on August 25, 2020. According to plaintiffs, the Police Report contains eyewitness accounts that contradict Blue's testimony concerning (1) the number of people restraining Gene, (2) the number of employees

restraining Gene, (3) where on Gene these people were applying restraint, and (4) the amount of pressure being applied to Gene.

Blazin Wings counters that plaintiffs' timing demonstrates that their purpose in adding Blue as a defendant is to destroy diversity jurisdiction. Noting that plaintiffs knew Blue's identity and even deposed her before filing this lawsuit, Blazin Wings posits that, if plaintiffs actually intended to bring claims against Blue for reasons other than to defeat diversity jurisdiction, they would have done so in their original state-court petition.[7]

The court finds that the timing of plaintiffs' motions creates a strong inference that their purpose in seeking Blue's joinder is to defeat diversity jurisdiction. When plaintiffs move to add a non-diverse defendant and contemporaneously move to remand shortly after a case is removed to federal court, courts have good reason to suspect that their purpose in doing so is to defeat diversity jurisdiction. *See Bramlett v. Med. Protective Co. of Fort Wayne*, 2010 WL 1491422, at *5 (N.D. Tex. Apr. 13, 2010) (Fitzwater, C.J.) (citing *Alba*, 2008 WL 4287786, at *2). Additional suspicion exists "if the plaintiff[s] knew of the non[-]diverse defendant from the outset and chose to exclude [her] from the original pleading." *Appliance All.*, 2015 WL 9319179, at *6 (second alteration in original) (quoting *Andrews Restoration*, 2015 WL 4629681, at *4). In the present case, plaintiffs waited until shortly

---

[7]Blazin Wings also contends that plaintiffs' proposed claims against Blue are not viable: that the proposed negligence claim is precluded as a matter of law because Blue did not owe an independent duty to Gene, and that all of the proposed claims against Blue are time-barred. Because the court concludes on other grounds that plaintiffs' purpose in seeking Blue's joinder is to defeat diversity jurisdiction, it need not reach Blazin Wings' viability arguments.

- 5 -

after removal to seek to add a non-diverse defendant, whom they had deposed before filing the original state-court petition, by contemporaneously moving to amend and remand. Although the court suspects that plaintiffs' purpose in doing so is to defeat diversity jurisdiction, it must consider whether, in light of plaintiffs' explanation for their timing, this suspicion is warranted.

Plaintiffs maintain that they did not seek Blue's joinder until now because they did not have access to witness accounts in the Police Report that contradict Blue's deposition testimony. The court is not persuaded by this assertion. Although plaintiffs contend that the Police Report contains new information about "the degree to which [Blue] personally was responsible" for Gene's death, their proposed claims against Blue in fact arise from her responsibilities as a manager of the Buffalo Wild Wings restaurant at the time of the incident, not from her physical involvement in restraining Gene. *See* Ps. Reply Br. ¶ 1. In that sense, plaintiffs' proposed claims against Blue are not distinct from her vicarious-liability-based claims against Blazin Wings.[8] This is significant because plaintiffs fail to explain why they

---

[8]The only proposed claims that plaintiffs seek to assert against Blue that they do not also assert against Blazin Wings are claims for IIED and aiding and abetting IIED. But these claims are nonetheless based on Blue's responsibility for the conduct of employees under her management. And, in Texas, "IIED is a gap-filler tort never intended to supplant or duplicate existing statutory or common-law remedies." *Jones v. Dallas County*, 2013 WL 6388441, at *7 (N.D. Tex. Dec. 6, 2013) (Fitzwater, C.J.) (internal quotation marks omitted) (quoting *Creditwatch, Inc. v. Jackson*, 157 S.W.3d 814, 816 (Tex. 2005)). Because plaintiffs assert numerous other claims for the alleged misconduct underlying the proposed IIED claims, there is no gap to fill. *Id.*; *see also Standard Fruit & Vegetable Co. v. Johnson*, 985 S.W.2d 62, 68 (Tex. 1998) ("[W]e hold that a claim for [IIED] cannot be maintained when the risk that emotional distress will result is merely incidental to the commission of some other tort.").

were able to bring these claims against Blazin Wings before receiving the Police Report, but not against Blue, whom they knew was the manager and had already deposed. Accordingly, plaintiffs' explanation does not overcome the court's suspicion that their purpose in seeking to add Blue as a defendant is to defeat diversity jurisdiction. The first factor therefore supports denying plaintiffs' motion to amend.

B

The court next considers whether plaintiffs have been dilatory in seeking amendment. This factor requires a case-by-case inquiry. "There is no set timetable for when the timing of a proposed amendment reflects dilatoriness." *Appliance All.*, 2015 WL 9319179, at *6 (comparing cases.) If significant activity beyond the pleading stage has not yet occurred, courts often find that amendment is timely, unless the plaintiffs "had ample information about [proposed defendant's] identity and involvement in [the underlying controversy] before [plaintiff] filed the suit in state court." *Estate of Alex ex rel. Coker v. T-Mobile US, Inc.*, 2018 WL 993784, at *2 (N.D. Tex. Feb. 21, 2018) (Lynn, C.J.) (alterations in original) (quoting *Gallegos v. Safeco Ins. Co. of Ind.*, 2009 WL 4730570, at *4 (S.D. Tex. Dec. 7, 2009)). And if the only "credible reason for waiting until after removal" to seek amendment is to defeat diversity jurisdiction, courts are likely to find that plaintiffs have been dilatory. *Varela v. Home Depot U.S.A., Inc.*, 2019 WL 1041335, at *4 (N.D. Tex. Mar. 4, 2019) (McBryde, J.) (citing *Bramlett*, 2010 WL 1491422, at *6).

The court finds that plaintiffs have been dilatory in seeking amendment. Although plaintiffs contend that no significant activity beyond the pleading stage has occurred,

plaintiffs knew Blue's identity and had ample information about her involvement in the underlying incident before filing the original state-court petition. *See Estate of Alex*, 2018 WL 993784, at *2. And as discussed *supra* at § III(A), plaintiffs' receipt of the Police Report does not provide a "credible" explanation for why they waited almost four months after filing the original state-court petition to seek Blue's joinder; the court strongly suspects that plaintiffs moved to amend after removal for the purpose of defeating diversity jurisdiction. *See Varela*, 2019 WL 1041335, at *4; *see also Gumm v. State Farm Lloyds*, 2017 WL 3835691, at *2 (N.D. Tex. Aug. 31, 2017) (McBryde, J.) ("The second factor favors [defendant] as well. Although only two months separate the initiation of the action in state court and plaintiff's filing of the instant motions, there is no reason that plaintiff could not have named [non-diverse defendant] as a defendant when he originally filed suit."). The court therefore holds that the second factor supports denying plaintiffs' motion to amend.

C

Concerning the third factor, plaintiffs do not cite any significant injury that they would suffer if the motion to amend is denied, nor does the court discern any. The court recognizes that, if plaintiffs wish to pursue claims against Blue, they will be forced to do so in a separate lawsuit (probably in state court due to a lack of complete diversity). But "[t]he mere potential for parallel litigation . . . is not grounds for granting the amendment; the party must show that it will be *significantly* injured if the court denies joinder." *Andrews Restoration*, 2015 WL 4629681, at *6 (emphasis in original) (citing *Alba*, 2008 WL 4287786, at *2). And nothing in the record indicates that Blazin Wings would be unable to satisfy a judgment,

- 8 -

which courts consider when addressing this factor. *See, e.g., id.*; *see also Alvarez v. Toyota Motor Corp.*, 2006 WL 1522999, at *2 (N.D. Tex. May 8, 2006) (Fitzwater, J.). The court therefore concludes that the third factor supports denying plaintiffs' motion to amend.[9]

D

The court analyzes under the fourth factor whether any other considerations bear on the equities. This factor allows courts to "address any 'unique circumstances presented' by the parties" in "weigh[ing] the plaintiff[s'] overarching interest in avoiding parallel litigation, with the defendant[s'] desire to pursue the case in federal court." *Andrews Restoration*, 2015 WL 4629681, at *7 (first excerpt quoting *Bonilla v. Am.'s Servicing Co.*, 2011 WL 3882280, at *5 (S.D. Tex. Sept. 2, 2011); second excerpt citing *Hensgens*, 833 F.2d at 1182). The court holds that there are no unique equitable interests that warrant granting or denying plaintiffs' attempt to join Blue as a defendant. This factor is therefore neutral.

E

Assessing the *Hensgens* factors *in toto*, the court concludes that they weigh against allowing plaintiffs to amend their original state-court petition for purposes of adding Blue as a defendant. Accordingly, the court concludes that plaintiffs' motions to amend and remand should be denied.

---

[9]Because the court concludes on other grounds that the third factor supports denying plaintiffs' motion to amend, it need not consider Blazin Wings' argument that the proposed claims against Blue are time-barred (discussed *supra* at note 7), and that, as a result, denying leave to amend would not significantly injure plaintiffs.

* * *

For the reasons explained, plaintiffs' October 16, 2020 motions to amend and remand are denied.

**SO ORDERED**.

December 22, 2020.

_____
SIDNEY A. FITZWATER
SENIOR JUDGE