IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| JANICE SMITH, Individually, and on behalf of the Estate of GENE SMITH, Deceased, et al., <br><br> Plaintiffs, <br><br> VS. <br><br> BUFFALO WILD WINGS, et al., <br><br> Defendants. | § <br> § <br> § <br> § <br> § <br> § Civil Action No. 3:20-CV-2875-D <br> § <br> § <br> § <br> § <br> § |

MEMORANDUM OPINION
AND ORDER

In this action involving claims arising from the death of plaintiffs' decedent, defendants Buffalo Wild Wings[1] and Blazin Wings, Inc. (collectively, "Blazin Wings," unless the context otherwise requires) move for partial judgment on the pleadings under Fed. R. Civ. P. 12(c). Plaintiffs have not responded to the motion. For the reasons that follow, the court grants the motion and dismisses plaintiffs' claims for violations of the Texas Deceptive Trade Practices-Consumer Protection Act ("DTPA"), Tex. Bus. & Com. Code Ann. §§ 17.41-17.63 (West 2021), and aiding and abetting intentional infliction of emotional distress.

---

[1] Plaintiffs have previously asserted that "Buffalo Wild Wings" is a trade name used by Blazin Wings, Inc. Blazin Wings, on the other hand, asserted in its notice of removal that "Buffalo Wild Wings" is an improperly named defendant because it does not exist as a separate entity. As with the court's prior memorandum opinion and order, because these arguments are not pertinent to the instant motion, the court does not reach them.

I

This case arises from the death of plaintiffs' decedent, Gene Smith ("Gene"), at a Buffalo Wild Wings restaurant.[2] While at the restaurant, Gene became involved in a fight and was beaten and injured. He was later restrained by at least five people who sat on him for over fifteen minutes, preventing him from being able to breathe. Gene died sometime thereafter.

Blazin Wings moves under Rule 12(c) for partial judgment on the pleadings, seeking to dismiss plaintiffs' claims for violations of the DTPA and aiding and abetting intentional infliction of emotional distress. Plaintiffs have not responded to the motion, and the court now decides it based on the briefing on file (i.e., Blazin Wings's motion).

II

Rule 12(c) provides that "[a]fter the pleadings are closed-but early enough not to delay trial-a party may move for judgment on the pleadings." The standard for deciding a motion under Rule 12(c) is the same as the one for deciding a motion to dismiss under Rule 12(b)(6). *See Great Plains Tr. Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 313 n.8 (5th Cir. 2002) ("A number of courts have held that the standard to be applied in a Rule 12(c) motion is identical to that used in a Rule 12(b)(6) motion.") (citation and internal quotation marks omitted).

---

[2]Plaintiffs are Janice Smith (Gene's mother), individually, and on behalf of the Estate of Gene Smith, deceased, and as next friend of J.C. (a minor), J.C. (Gene's minor child), and Deelvin Smith (Gene's adult child).

Under Rule 12(b)(6), the court evaluates the pleadings by "accept[ing] 'all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.'" *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (quoting *Martin K. Eby Constr. Co. v. Dall. Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004)). To survive the defendants' motion, plaintiffs' pleadings must allege enough facts "to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 556); *see also Twombly*, 550 U.S. at 555 ("Factual allegations must be enough to raise a right to relief above the speculative level[.]"). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'shown'—'that the pleader is entitled to relief.'" *Iqbal*, 556 U.S. at 679 (alteration omitted) (quoting Rule 8(a)(2)). Furthermore, under Rule 8(a)(2), a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Although "the pleading standard Rule 8 announces does not require 'detailed factual allegations,'" it demands more than "'labels and conclusions.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). And "'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (quoting *Twombly*, 550 U.S. at 555).

"The court's review [of a Rule 12(c) motion] is limited to the complaint, any documents attached to the complaint, and any documents attached to the motion [for judgment on the pleadings] that are central to the claim and referenced by the complaint." *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010).

III

The court considers first whether Blazin Wings is entitled to judgment on the pleadings dismissing the claim for violations of the DTPA.

A

Plaintiffs allege in their amended complaint that Blazin Wings violated the DTPA by making inaccurate representations of safety to Gene. Blazin Wings responds that "Northern District of Texas precedent requires dismissal of this claim" because members of this court have held that a DTPA claim does not survive the decedent's death.[3]

B

The DTPA itself is silent on survivability. And the Supreme Court of Texas has not decided whether DTPA claims are survivable, despite the Fifth Circuit's certification of the question to the court. *Boudreaux v. Corium Int'l, Inc.*, 2013 WL 1890269, at *2 (N.D. Tex. May 7, 2013) (Lynn, J.) ("[T]he Texas Supreme Court has not decided the issue of survivability."); *see also Wellborn v. Sears, Roebuck & Co.*, 970 F.2d 1420, 1427 (5th Cir.

---

[3]Because plaintiffs allege that Blazin Wings violated the DTPA through defects or misrepresentations made to Gene—and not themselves individually—the court does not address whether plaintiffs individually could bring DTPA claims.

- 4 -

1992) (certifying the question to the Supreme Court of Texas). Intermediate Texas courts are split on the issue. *Compare Thomes v. Porter*, 761 S.W.2d 592, 594 (Tex. App. 1988, no writ) ("[I]t is obvious that a cause of action under the DTPA should survive the death of the consumer.") (emphasis omitted) *with First Nat'l Bank of Kerrville v. Hackworth*, 673 S.W.2d 218, 221 (Tex. App. 1984, no writ) ("We hold the cause of action, if any . . . under the DTPA did not survive.").

But there is "a growing consensus" in the lower federal courts "that a DTPA claim does not survive the wronged consumer's death." Leslie Sara Hyman & Matthew J. McGowan, *Antitrust and Consumer Protection*, 3 SMU Ann. Tex. Surv. 15, 25 (2017); *see Smith v. Chrysler Grp., LLC*, 2016 WL 7741732, at *2 (E.D. Tex. Dec. 1, 2016) (collecting cases), *rec. adopted*, 2017 WL 813669 (E.D. Tex. Feb. 28, 2017). For the past several years, members of this court have held that a DTPA claim does not survive a consumer's death. *See Elmazouni v. Mylan, Inc.,* 220 F.Supp.3d 736, 745 (N.D. Tex. 2016) (Lynn, C.J.); *Lofton v. McNeil Consumer & Specialty Pharm.*, 682 F.Supp.2d 662, 679-80 (N.D. Tex. 2010) (Lindsay, J.); *Launius v. Allstate Ins. Co.*, 2007 WL 1135347, at *5 (N.D. Tex. Apr. 17, 2007) (Boyle, J.); *Kirby v. B.I., Inc*., 2003 U.S. Dist. LEXIS 16964, at *45-46 (N.D. Tex. Sept. 26, 2003) (Means, J.).[4]

---

[4]One district court in this circuit has held that a plaintiff *could possibly* recover under the DTPA. *Luna v. Feliciano*, 2019 WL 10349406, at *3 (W.D. Tex. Jan. 29, 2019). According to *Luna*, it "is incorrect that it is well-established that claims for violations of the DTPA do not survive the death of the insured." *Luna* reasoned that, "[a]lthough it appears most Texas intermediate appellate courts are moving in a direction that supports GRIC's position, the Texas Supreme Court has yet to rule on the issue," so "there is no binding

While the opinions of other judges of this court are not binding as the "law of the district," the undersigned "invariably gives serious and respectful consideration to the decisions of other judges of this court on questions of law—and typically follows them because they are usually correct and because predictability in such matters is desirable." *SEC v. Cuban*, 798 F.Supp.2d 783, 788 (N.D. Tex. 2011) (Fitzwater, C.J.). After giving such consideration to these decisions, the undersigned finds the reasoning of other judges persuasive and joins them in holding as a matter of law that plaintiffs' DTPA claim does not survive Gene's death. The court therefore grants Blazin Wings's Rule 12(c) motion to the extent it seeks dismissal of plaintiffs' DTPA cause of action.

IV

Blazin Wings also moves for judgment on the pleadings dismissing plaintiffs' claim for aiding and abetting intentional infliction of emotional distress.

A

Blazin Wings contends that the Fifth Circuit has held that aiding and abetting tort claims do not exist in Texas. It also posits that Texas courts and the Texas Legislature have refused to recognize an aiding and abetting cause of action. Blazin Wings maintains that this court cannot recognize a new cause of action under Texas law.

---

precedent requiring Texas courts to rule that a DTPA claim does not survive the death of the insured." *Id.* (emphasis omitted). The *Luna* court concluded that it was still possible for a Texas court to allow a DTPA claim, and the plaintiff might therefore be able to assert the claim in the future. *Id.* This court is not bound by *Luna*, and, for the reasons explained, concludes that plaintiffs' DTPA claim does not survive Gene's death.

- 6 -

B

The Supreme Court of Texas "has not expressly decided whether Texas recognizes a cause of action for aiding and abetting." *First United Pentecostal Church of Beaumont v. Parker*, 514 S.W.3d 214, 224 (Tex. 2017) (citing *Juhl v. Airington*, 936 S.W.2d 640, 643 (Tex. 1996)). But the Fifth Circuit has held that "no such claim [for aiding and abetting] exists in Texas" and has refused to recognize such a claim because "a federal court exceeds the bounds of its legitimacy in fashioning novel causes of action not yet recognized by state courts." *In re DePuy Orthopaedics, Inc., Pinnacle Hip Implant Prod. Liab. Litig.*, 888 F.3d 753, 781-82 (5th Cir. 2018) (citing *Johnson v. Sawyer*, 47 F.3d 716, 729 (5th Cir. 1995)).

Although *DePuy* addressed strict liability claims—not aiding and abetting intentional infliction of emotional distress—the Fifth Circuit's ruling applies beyond *DePuy*. *See Taylor v. Rothstein Kass & Co.*, 2020 WL 554583, at *5 (N.D. Tex. Feb. 4, 2020) (Fitzwater, J.). In a case that did not involve strict liability claims, the Fifth Circuit has recently reaffirmed that "aiding and abetting does not exist as a distinct cause of action in Texas." *Midwestern Cattle Mktg., L.L.C. v. Legend Bank, N.A.*, 800 Fed.Appx. 239, 249 (5th Cir. 2020) (per curiam) (citing *DePuy*, 888 F.3d at 781-82) (analyzing aiding and abetting claims as applied to checking-kiting scheme). For this reason, and finding no persuasive authority to support the premise that a claim for aiding and abetting intentional inflection of emotional distress is viable in Texas, the court grants judgment on the pleadings dismissing plaintiffs' claim for aiding and abetting intentional inflection of emotion distress. *See Garcia v. Vasilia*, 2019 WL 4105559, at *11 (S.D. Tex. Aug. 29, 2019) (granting motion for summary judgment on

aiding and abetting fraud claim "because no such claim has been expressly recognized by the State of Texas.").

\* \* \*

Accordingly, for the reasons explained, the court grants defendant's August 16, 2021 motion for partial judgment on the pleadings and dismisses plaintiffs' claims for violations of the DTPA and aiding and abetting intentional infliction of emotional distress.

**SO ORDERED**.

September 20, 2021.

_____
SIDNEY A. FITZWATER
SENIOR JUDGE